**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **TOWNE AUTO SALES, LLC,** | ) | **CASE NO. 1:16CV2739** |
| | ) | |
| Plaintiff, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| vs. | ) | **OPINION AND ORDER** |
| | ) | |
| **TOBSAL CORPORATION, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the pending motions: (1) Motion (ECF DKT #5) of Defendant, Bank of America, N.A. ("BANA"), to Dismiss; (2) Motion (ECF DKT #7) of Plaintiff, Towne Auto Sales, LLC, to Remand; and (3) Alternative Motion (ECF DKT #8) for Leave to Amend the Complaint. For the following reasons, the Motion to Remand is denied, the Motion for Leave to Amend is granted and the Motion to Dismiss is denied.

**I. FACTUAL BACKGROUND**

According to the First Amended Complaint (ECF DKT #1-1), Plaintiff, Towne Auto Sales, LLC, is an Ohio limited liability company engaged in the business of buying and selling pre-owned vehicles. On or about November 5, 2015, Plaintiff negotiated with

Defendant Tobias Trucks for the purchase of a 1958 Corvette. Plaintiff wired $27,050 from its account with Chase Bank to a BANA account in New York for the purchase. Plaintiff was informed by a Tobias representative that the title and notarized bill of sale would be forwarded the following morning. There was no delivery of the vehicle, title or bill of sale.

The First Amended Complaint further alleges that an individual named Sergejs Traskovs opened a bank account at BANA as the purported president of Defendant Tobsal Corporation on October 23, 2015. Defendant Suzel Yapor was the BANA employee who opened the account for Traskovs. Plaintiff additionally claims:

> Bank of America and Yapor owed a duty to Plaintiff as codified under state and federal law, including through the federal Bank Secrecy Act and Patriot Act.
>
> Bank of America and Yapor breached those specific duties by allowing the Tobsal Defendants to open and engage in a fraudulent scheme using a Bank of America account.

(First Amended Complaint, ECF DKT #1-1, ¶¶ 48-49).

BANA removed the above-captioned action from the Court of Common Pleas for Medina County to the United States District Court for the Northern District of Ohio, Eastern Division based upon federal question jurisdiction. Plaintiff's First Amended Complaint asserts claims based upon BANA's alleged violation of the Patriot Act and the Bank Secrecy Act and claims against other Defendants for the alleged commission of mail and wire fraud in violation of 18 U.S.C. §§ 1341, 1343.

In its Motion to Remand (ECF DKT #7), Plaintiff argues that, while violations of federal laws can establish the duty and breach elements of its negligence and negligence *per se* claims against BANA, violation of federal law is simply one possible theory of liability. Plaintiff asserts that its claims are insufficiently "substantial" to confer federal question

jurisdiction.

BANA moves for dismissal of the Negligence, Negligence *per se* and Respondeat Superior causes of action because BANA owes no duty of care to a non-customer and because the federal laws at issue do not provide a private cause of action. (ECF DKT #5). Plaintiff opposes the dismissal motion and seeks leave to amend to incorporate additional facts it has discovered. (ECF DKT #8).

## **II. LAW AND ANALYSIS**

**Notice of Removal and Subject Matter Jurisdiction**

28 U.S.C. § 1441 "provides that an action is removable only if it could have initially been brought in federal court." *Cole v. Great Atl. & Pacific Tea Co.*, 728 F. Supp. 1305, 1307 (E.D.Ky.1990). Put another way, "[a] civil case that is filed in state court may be removed by the defendant to federal district court if the plaintiff could have chosen to file there originally." *Warthman v. Genoa Twp. Bd. of Trs.*, 549 F.3d 1055, 1059 (6th Cir.2008). The burden of establishing federal jurisdiction rests upon the removing party. *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir.1994). "Concern about encroaching on a state court's right to decide cases properly before it, requires this court to construe removal jurisdiction narrowly." *Cole*, 728 F. Supp. at 1307 (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941)). A removed case ***must*** be remanded if the district court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). In addition, "[w]here there is doubt as to federal jurisdiction, the doubt should be construed in favor of remanding the case to the State court where there is no doubt as to its jurisdiction." *Walsh v. Am. Airlines, Inc.*, 264 F. Supp. 514, 515 (E.D.Ky.1967); see also *Breymann v. Pennsylvania, O. & D. R.R.*, 38 F.2d

209, 212 (6th Cir.1930).

Federal district courts are courts of limited jurisdiction. *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986) (citing *Marbury v. Madison*, 1 Cranch 137, 5 U.S. 137 (1803)). "Subject matter jurisdiction is the unwaivable *sine qua non* for exercise of the federal judicial power." *Crabtree v. Wal-Mart*, 2006 WL 897210 at *1 (E.D.Ky. Apr. 4, 2006), slip copy; *Richmond v. Int'l Bus. Machs. Corp.*, 919 F.Supp. 107 (E.D.N.Y.1996) (citing Fed.R.Civ.P. 12(b)(1)).

In the absence of diversity, a civil action filed in state court may be removed to federal court only if the claim "arises under" federal law. *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003). "Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties." 28 U.S.C.
§ 1441(b).

"To determine whether a claim arises under federal law, a court, under the well-pleaded-complaint rule, generally looks only to the plaintiff's complaint." *Gentek Bldg. Prods., Inc. v. The Sherwin-Williams Co.*, 491 F.3d 320, 325 (6th Cir.2007) (citing *Palkow v. CSX Transp., Inc.*, 431 F.3d 543, 552 (6th Cir.2005)). For jurisdictional purposes, a claim arises under federal law only if plaintiff's statement of the cause of action affirmatively shows that it is based on federal law. *Beneficial Nat'l Bank*, 539 U.S. at 6-8.

"[T]he scope of removal jurisdiction based on the existence of a federal question" is "identical to the scope of federal question jurisdiction under [28 U.S.C.] § 1331." *Warthman*,

549 F.3d at 1061 (quoting *Long v. Bando Mfg. of Am.*, 201 F.3d 754, 758 (6th Cir.2000)). "Federal question jurisdiction can be established by showing 'either that federal law creates the cause of action or that the plaintiff[']s right to relief necessarily depends on resolution of a substantial question of federal law.'" *Warthman*, 549 F.3d at 1061; *Thornton v. SW. Detroit Hosp.*, 895 F.2d 1131, 1133 (6th Cir.1990) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)).

Looking at Plaintiff's First Amended Complaint, the Court determines that Counts Four, Five and Six, alleging Negligence, Negligence *per se* and Respondeat Superior against BANA, are affirmatively founded upon violations of the federal Bank Secrecy Act and the Patriot Act. These Counts allege that the duty the Bank owed to Plaintiff arises out of the obligations imposed by these federal laws. Moreover, Plaintiff alleges Corrupt Activities (Count Seven) against the Tobias/Tobsal Defendants involving the commission of mail fraud and wire fraud. Therefore, the Court finds that removal under federal question jurisdiction was appropriate. Plaintiff's Motion to Remand is denied.

**Motion to Amend**

Fed.R.Civ.P. 15(a)(2) reads in part, "The court should freely give leave [to amend] when justice so requires." However, this liberal amendment policy is not without limits. The Sixth Circuit has observed: "A motion to amend a complaint should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." *Colvin v. Caruso*, 605 F.3d 282, 294 (6th Cir.2010) (citing *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir.1995)). In the case at bar, BANA does not charge Plaintiff with bad faith or dilatory motivations.

Delay, by itself, "does not justify denial of leave to amend." *Morse v. McWhorter*, 290 F.3d 800 (6th Cir.2002). In addition, when discovery is in the early stages, any prejudice from entertaining an amended pleading is minimal. Addressing the contention that an amendment might necessitate another dispositive motion, the Sixth Circuit also noted that "another round of motion practice ... does not rise to the level of prejudice that would warrant denial of leave to amend." *Morse*, 290 F.3d at 801.

"In determining what constitutes prejudice, the court considers whether the assertion of the new claim or defense would: require the opponent to expend significant additional resources to conduct discovery and prepare for trial; significantly delay the resolution of the dispute; or prevent the plaintiff from bringing a timely action in another jurisdiction." *Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir.1994). In the instant situation, the Court believes that these factors weigh in favor of allowing Plaintiff to amend.

Defendants insist that Plaintiff's proposed Amended Complaint is futile. Plaintiff offers the affidavit of the Company president, Mark Powers (ECF DKT #8-1, Exhibit A); and Plaintiff seeks leave to incorporate the recently discovered facts into an amended pleading. Powers avers that he called a BANA representative, instructed the representative that BANA should not process the wire transaction and said that "something fraudulent was happening." (*Id*. at ¶ 5). Plaintiff contends that BANA's duty to act arises out of that conversation.

In light of the proposed amendment to the facts, the Court declines to deny amendment as futile. Moreover, the Court is mindful that "federal courts have a strong preference for trials on the merits." *Clark v. Johnston,* 413 F.App'x 804, 819 (6th Cir.2011).

Therefore, Plaintiff's Motion for Leave to Amend (ECF DKT #8) is granted. In view

of the Court's ruling, BANA's Motion to Dismiss is denied.

### III. CONCLUSION

For these reasons, the Motion (ECF DKT #5) of Defendant, Bank of America, N.A. ("BANA"), to Dismiss is denied; the Motion (ECF DKT #7) of Plaintiff, Towne Auto Sales, LLC, to Remand is denied; and the Alternative Motion (ECF DKT #8) for Leave to Amend the Complaint is granted. Plaintiff shall file its Second Amended Complaint on or before May 17, 2017.

**IT IS SO ORDERED.**

                                        **s/ Christopher A. Boyko**
                                        **CHRISTOPHER A. BOYKO**
                                        **United States District Judge**

**Dated: May 4, 2017**