**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **TOWNE AUTO SALES, LLC,** | CASE NO. 1:16-cv-02739 |
| Plaintiff, | JUDGE CHRISTOPHER A. BOYKO |
| vs. | |
| **TOBSAL CORPORATION; TOBIAS TRUCKS, LLC; BRYAN AVERY; CHRIS GENTILE; SERGEJS TRASKOVS; BANK OF AMERICA NATIONAL ASSOCIATION; and SUZEL YAPOR,** | **OPINION AND ORDER** |
| Defendants. | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court on Defendant Bank of America's ("BANA") Motion to Dismiss (ECF DKT #20) Plaintiff's claims for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6). Defendant's Motion is granted in part and denied in part.

## I. FACTUAL AND PROCEDURAL HISTORY

According to its Second Amended Complaint (ECF DKT #15), Plaintiff Towne Auto Sales, LLC ("Towne") is an Ohio limited liability company in the business of buying and selling pre-owned vehicles. On or about November 5, 2015, Plaintiff negotiated with Defendant Tobias Trucks for the purchase of a 1958 Corvette. As a result of this negotiation, Towne wired $27,050 from its Chase Bank account to a BANA account believed to be that of Tobias. The

listed account holder, however, was Tobsal Corporation ("Tobsal"). Towne's President, Mark Powers, called BANA's customer service line to inform a representative that he believed something fraudulent was occurring. Although he instructed the representative not to process the wire transaction, BANA processed it the following day. Tobias subsequently failed to deliver the vehicle to Towne.

Plaintiff's Second Amended Complaint also alleges that Sergejs Traskovs, the purported President of Tobsal, opened a bank account at BANA on October 23, 2015 with the assistance of Suzel Yapor, a BANA employee. Plaintiff's Second Amended Complaint asserts that Yapor and BANA negligently allowed Traskovs to open the account; and in doing so, violated the Bank Secrecy Act and the Patriot Act.

## II. LAW AND ANALYSIS

### A. Legal Standard

When presented with a motion to dismiss, the Court must test the sufficiency of the complaint and determine whether "accepting the allegations in the complaint as true and construing them liberally in favor of the plaintiff, the complaint fails to allege 'enough facts to state a claim for relief that is plausible on its face.'" *Ashmus v. Bay Vill. Sch. Dist. Bd. of Educ.*, 2007 U.S. Dist. LEXIS 62208 (N.D. Ohio 2007), *quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007). Claims alleged in the complaint must be "plausible," not merely "conceivable." *Id*. Dismissal is warranted if the complaint lacks an allegation as to a necessary element of the claim raised. *Craighead v. E.F. Hutton & Co.*, 899 F.2d 485 (6th Cir. 1990).

### B. Jurisdiction

While personal jurisdiction flows from the Due Process Clause, the requirement may be

waived by the actions of the defendant. *Days Inns Worldwide, Inc v. Patel*, 445 F.3d 899, 905 (6th Cir. 2006). Plaintiff asserts that Defendant waived its ability to raise a defense for lack of jurisdiction in its Motion (ECF DKT #20) in response to the Second Amended Complaint because Defendant did not raise this defense in its previous Motion to Dismiss (ECF DKT #5). "Although . . . an amended complaint supersedes the initial complaint and becomes the operative pleading in the case, the filing of an amended complaint does not automatically revive all defenses or objections that the defendant may have waived in response to the initial complaint." *Krinsk v. SunTrust Banks, Inc.*, 654 F.3d 1194 (11th Cir. 2011) (citation omitted). Under Fed.R.Civ.P. 12(h), a party waives the right to contest personal jurisdiction by failing to assert the defense in a responsive pleading or by making a general appearance. *Reynolds v. Int'l Amateur Athletic Fed'n*, 23 F.3d 1110 (6th Cir. 1994). However, a party is not entirely barred from raising such defenses in the event of an amended complaint. The *Krinsk* court stated that a defendant may raise defenses, which otherwise would have been barred, when the amended complaint changes the theory or scope of the case. *Krinsk*, 654 F.3d at 1202.

Defendant argues that Plaintiff changed the theory of the case when it filed the Second Amended Complaint, which included allegations of a phone call made by Towne's President to a BANA representative. Defendant claims that by adding an allegation that BANA assumed a duty owed to Plaintiff based upon this conversation, Plaintiff changed its theory of liability by changing the source of Defendant's duty to Plaintiff, thus allowing a defense based upon lack of personal jurisdiction to be raised. However, despite the new allegations in the Second Amended Complaint, both the theory and the scope of the case remain the same. In *Krinsk*, the amended complaint changed the definition of the class, increasing its size from hundreds to potentially

3

tens of thousands of members. *Id.* at 1199-1203. The court stated that this change in the potential putative class sufficiently changed the scope of litigation to allow defendant to rescind its previous waiver. *Id.* at 1204. BANA points out, in reply to Plaintiff's Brief in Opposition, that it has participated in this litigation for far less time than the defendant in *Krinsk*, where the court found no waiver. *See* Def.'s Reply Mem. Supp. Mot. Dismiss p. 4. However, the court in *Krinsk* specifically relied on the expansion of the potential class (i.e., the expansion of the theory and scope of the case) as the basis for reviving defendant's affirmative defense for lack of jurisdiction. *Krinsk*, 654 F.3d at 1204. Here, no additional claims have been alleged. Nor have any claims been amended that would subject BANA to broader potential liability than was claimed in the First Amended Complaint. Plaintiff's Second Amended Complaint added allegations of a telephone conversation between Towne's President and a BANA employee in support of its claim for negligence under the theory that this conversation resulted in a duty owed by BANA. The argument remains that BANA breached a duty owed to Plaintiff. Importantly, at this stage detailed factual allegations are not necessary. *Twombly*, 550 U.S. at 555. Since neither the scope nor the theory of the case has changed as a result of Plaintiff's Second Amended Complaint, Defendant cannot raise a defense for lack of personal jurisdiction having waived it by failing to present the defense in a prior motion. As such, jurisdiction over Defendant BANA in this court is proper and Defendant's Motion to Dismiss is denied as it relates to lack of jurisdiction.

**C. Negligence (Count IV)**

In Ohio, a claim for negligence requires "the existence of a duty on the part of the one sued not to subject the [one seeking recovery] to the injury complained of, a failure to observe

4

such duty, and an injury resulting proximately therefrom." *Feldman v. Howard*, 10 Ohio St. 2d 189, 193, 226 N.E.2d 564, 567 (1967). "Ohio follows the prevailing rule that a bank owes no duty to a person who is neither a customer nor an account-holder." *Driessen v. Woodforest Nat. Bank*, 940 F.Supp.2d 584, 590 (S.D. Ohio 2013). In *Driessen*, as here, the defendant bank owed no duty to the plaintiff since there was no evidence showing any relationship between the two parties. *Id.* at 591. In this case, Plaintiff was a customer of Chase Bank, not of Defendant. (Pl. Sec. Am. Compl. ¶ 15). Defendant, therefore, owed no duty to Plaintiff, a non-customer.

Plaintiff contends that BANA assumed a duty as a result of a telephone conversation that Plaintiff's President, Mark Powers, had with a BANA customer service representative. The breach of this assumed contractual duty, the argument goes, is the foundation for a claim for negligence. However, the Second Amended Complaint does not sufficiently state allegations which would amount to a contract between the parties. Therefore, Plaintiff has not established a contractual duty.

Because Plaintiff's Second Amended Complaint does not set forth sufficient facts to establish the element of duty required for a negligence claim, it is not necessary for the Court to analyze proximate causation.

Defendant further asserts that Plaintiff's negligence claims must fail because its injury is only economic. "The general rule applicable to situations in which privity of contract is lacking is there is no duty to exercise reasonable care to avoid intangible economic loss or losses to others that do not arise from tangible physical harm to persons and tangible things." *Laurent v. Flood Data Serv., Inc.*, 766 N.E.2d 221, 227 (Ohio Ct. App. 2001). Plaintiff did not have a contractual relationship with BANA. Plaintiff's only alleged injury is $27,050 it purportedly

5

paid in exchange for a Corvette it did not receive.  Since the general rule does not allow a plaintiff to recover under a theory for negligence for loss that is solely economic, Plaintiff's claim fails.  *Floor Craft Floor Covering, Inc. v. Parma Community General Hosp. Ass'n*, 560 N.E.2d 206 (Ohio 1990).

Defendant's Motion to Dismiss Count IV is granted.

**D. Negligence *Per Se* (Count V)**

The Patriot Act and the Bank Secrecy Act impose a duty on banks and financial institutions to report suspicious activity indicative of criminal activities to the government of the United States.  *Spitzer Management, Inc. v. Interactive Brokers, LLC*, 2013 WL 6827945 (N.D. Ohio 2013).  "Neither of these statutes creates a private cause of action. . . ."  *Id.* at *2; *see also In re Agape Litig.*, 681 F.Supp.2d 352, 360 (E.D.N.Y. 2010) ("[B]ecause the Bank Secrecy Act does not create a private right of action, the Court can perceive no sound reason to recognize a duty of care that is predicated upon the statute's monitoring requirements."); *Armstrong v. American Pallet Leasing Inc.*, 678 F.Supp.2d 827 (N.D. Iowa 2009) (stating that neither the Bank Secrecy Act nor the Patriot Act impose a duty of care to plaintiffs because neither creates a private right of action).  Since neither Act establishes a private cause of action, Defendant's Motion to Dismiss Count V is granted.

**E. Respondeat Superior (Count VI)**

In Ohio, "a principal or employer may generally be held liable for tortious acts
    committed
by its agents or employees if such acts occur within the scope of the employment relationship." *Riotte v. Cleveland*, 195 Ohio App.3d 387, 960 N.E.2d 496 (8th Dist. 2011).  Additionally,

"employees do not possess a duty to a third party whom they deal with only on behalf of their employer." *In re Donahue Sec., Inc.*, 318 B.R. 667, 676 (S.D. Ohio 2004). In the absence of a duty, there can be no liability on account of negligence. *Jaronovic v. Iacofano*, 2012 WL 1187744, 2012-Ohio-1581 (11th Dist. 2012). Since Yapor, BANA's employee, owed no duty to Plaintiff, BANA cannot be held liable for negligence under a theory of respondeat superior.

As discussed *supra*, Section D, Plaintiff's negligence *per se* claim must also fail since neither the Bank Secrecy Act nor the Patriot Act establishes a private cause of action. Thus, Defendant cannot be held liable for negligence *per se* under either respondeat superior or vicarious liability.

Defendant's Motion to Dismiss Count VI is granted.

### III. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss (ECF DKT #20) is denied in part and granted in part. The Motion is denied as it relates to jurisdiction because Defendant waived the defense by failing to raise it in an earlier motion. The Motion to Dismiss is granted for failure to state a claim under Fed.R.Civ.P. 12(b)(6) as it relates to the claims of Negligence, Negligence per se and Respondeat Superior (Counts IV-VI), the only claims asserted against Defendant Bank of America, N.A.

Therefore, Plaintiff's Second Amended Complaint is dismissed as against Defendant BANA.

**IT IS SO ORDERED.**

                                               s/ Christopher A. Boyko
                                               **CHRISTOPHER A. BOYKO**
                                               **United States District Judge**

Dated: November 14, 2017